Norma E. Ortiz
Frank A. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Plaintiff's Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = X
                                                            )
HECTOR CARDONA,                                             )
                            Plaintiff,                      )
                                                            )   Case No.:
        -       against         -                           )   DEMAND FOR JURY TRIAL
                                                            )
HECTOR JOEL CARDONA                                         )
                                                            )
                            Defendant.                      )
                                                            )
= = = = = = = = = = = = = = = = = = = = = = = = = = = = = X

## COMPLAINT

Hector Cardona, by way of complaint against Defendant, states:

### I.
### NATURE OF ACTION

This is an action to involving elder finance abuse and exploitation in which a son breached the fiduciary relationship he had with his father by embezzling his father's life savings for his own benefit and financial gain.  Here, Plaintiff, an elderly person, was financially exploited by Defendant.

### II.
### JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 inasmuch as the amount of damages is greater than $75,000 and there is complete diversity among the parties.

2. Venue is appropriate in the Eastern District of New York 28 U.S.C.§1391 inasmuch as the Defendant resides in the District and a substantial part of the claims giving rise to this Complaint occurred within this District.

## III.
## PARTIES

3. Plaintiff, Hector Cardona, is currently a resident of South-Central Pennsylvania. Prior to relocating to Pennsylvania and at all times relevant to this Complaint, Plaintiff was a resident of Brooklyn, New York, and Puerto Rico. Plaintiff, a 74 year old widower, has suffered injury-in-fact and is entitled to seek monetary damages.

4. Defendant, Hector Joel Cardona, ("Joel") is Plaintiff's 45 year old son is and was at all times relevant to this Complaint a resident of Brooklyn, New York.

## IV.
## FACTS

5. In 2004, Plaintiff opened a checking account at Banco Popular, and in 2008 Plaintiff opened a checking account at Santander Bank.

6. Plaintiff placed his life savings in the two bank accounts. Those savings included not only his life savings from wages, but also the proceeds of his recovery from a personal injury case and the proceeds of his 401k retirement account.

7. In 2009, Plaintiff's wife died and shortly thereafter, and in recognition of his advanced age-, he gave Joel, the oldest of his five children, joint access to both of these accounts, with the expectation that Joel would assist him in managing his financial affairs.

8. Plaintiff reposed trust and confidence in Defendant in the management of his financial affairs.

9. Defendant had a fiduciary duty to safeguard his father's financial affairs, and Defendant accepted his father's reliance. Joel breached that duty by converting his father's funds for his own personal use.

10. On August 26, 2014, without consulting with and obtaining authorization from Plaintiff, Joel withdrew $153,020 from his father's bank account at Santander Bank. Upon information and belief, that withdrawal occurred in Puerto Rico.

11. On October 3, 2014, without consulting with and obtainingfrom Plaintiff, Joel withdrew $137,000 from his father's bank account at Banco Popular. Upon information and belief, that withdrawal occurred in Brooklyn, New York.

12. Plaintiff learned of these unauthorized withdrawals only after he received his bank statements.

13. Plaintiff has been damaged in an amount greater than $290,000 as a result of Defendant's unauthorized withdrawals

14. Defendant has refused to return these funds to his father, despite repeated requests that they be returned.

## V.
## COUNT ONE
## BREACH OF FIDUCIARY DUTY

15. The preceding paragraphs are incorporated by reference as if fully set forth herein.

16. Plaintiff and Defendant are father and son. Through the foregoing relationship between Plaintiff and Defendant there exists a relationship of dependence and influence whereby Defendant had a fiduciary duty to Plaintiff to act with utmost good faith, honesty and loyalty toward Plaintiff, and to safeguard Plaintiff's life savings.

17. By making unauthorized withdrawals from Plaintiff's bank accounts and refusing to return the funds, Defendant has breached his fiduciary duty of good faith, honesty and loyalty toward Plaintiff.

18. As a proximate result of Defendant's breach of fiduciary duty, Plaintiff has been harmed as alleged herein in an amount in excess of $290,000, an exact amount to be proved at trial.

## VI.
## COUNT TWO
## CLAIM FOR AN ACCOUNTING

19. The preceding paragraphs are incorporated by reference as if fully set forth herein.

20. Plaintiff and Defendant were in a fiduciary relationship and Defendant has a duty to account for Plaintiff's funds which were withdrawn from his bank account.

21. Plaintiff has refused and continues to refuse to account to Plaintiff for the use of Plaintiff's funds which he withdrew from Plaintiff's bank accounts.

22. Plaintiff has no adequate remedy at law and demands and is entitled to a full accounting from Defendant identifying how and where the $290,000 he withdrew from Plaintiff's bank accounts were deposited, invested or spent.

## VII.
## COUNT THREE
## CONVERSION

23. Plaintiff has a clear ownership interest and right to possession of the funds funds in his bank accounts at Santander Bank and Banco Popular, since they consisted of deposits of his life savings from earnings, his 401k retirement accounts, and proceeds he received from a personal injury action. Plaintiff has a superior right of possession to the funds, and Joel has no interest in the Plaintiff's life savings.

24. Plaintiff's possessory interests in those funds are clearly superior to any possessory interest which Defendant may claim. Defendant's withdrawal of $290,000 from Plaintiff's bank accounts for his own benefit was a willful violation of Plaintiff's property rights.

25. A conversion occurred when Plaintiff demanded that Defendant return the funds to him, and Defendant refused to return the funds.

26. As a result of Defendant's acts of conversion, Plaintiff suffered damages in an amount in excess of $290,000 in an amount to be proved at trial.

27. Defendant's acts of conversion were willful, wanton, malicious, made with intent to defraud, and justify the imposition of exemplary and punitive damages.

## VIII.
## COUNT FOUR
## UNJUST ENRICHMENT

28. The preceding paragraphs are incorporated by reference as if fully set forth herein.

29. As a result of Defendant's conduct described above, Defendant benefitted and has been unjustly enriched at the expense of Plaintiff in an amount in excess of $290,000.

30. Defendant should be required to disgorge all monies, profits and gains which he obtained at the expense of Plaintiff and a constructive trust for the benefit of Plaintiff should be imposed upon the Defendant's funds in the amount of $290,000 in order to prevent unjust enrichment.

## IX.
## COUNT FIVE
## CLAIM FOR A CONSTRUCTIVE TRUST

31. The preceding paragraphs are incorporated by reference as if fully set forth herein.

32. Plaintiff reposed trust and confidence when he gave Defendant joint access to his bank accounts and asked him to assist him in managing his financial affairs.

33. Defendant obtained $290,000 from Plaintiff fraudulently and converted those funds for his own personal use in breach of his fiduciary duty to Plaintiff.

34. Plaintiff has no adequate remedy at law and a constructive trust for the benefit of Plaintiff should be imposed upon all of Defendant's assets in the amount of $290,000 in order to prevent unjust enrichment.

## X.
## COUNT SIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The preceding paragraphs are incorporated by reference as if fully set forth herein.

36. Plaintiff sought the assistance of Defendant in managing his financial affairs since Defendant was Plaintiff's son and he expected that Defendant would help him safeguard his life savings.

37. Defendant's withdrawal of Plaintiff's life savings and refusal to return those funds constitutes extreme and outrageous conduct in complete disregard of the probability of the emotional distress it would cause his elderly father.

38. As a result of Defendant's extreme and outrageous conduct and continued refusal to return his money, Plaintiff has suffered humiliation, mental anguish and emotional distress and has suffered damages in an amount according to proof.

## XI.
## COUNT SEVEN
## CLAIM FOR A PRELIMINARY INJUNCTION

39. The preceding paragraphs are incorporated by reference as if fully set forth herein.

40. Plaintiff is informed and believes that unless Defendant is restrained and enjoined by this Court, that Defendant will either dissipate Plaintiff's funds or transfer Plaintiff's funds to a third party; as such Plaintiff will suffer irreparable harm in that he will not be able to recover his money.

41. It is clear that Plaintiff is likely to succeed on the merits of this action and a balancing of the hardships tips clearly towards the Plaintiff and injunctive relief should be granted to Plaintiff enjoining Defendant from dissipating or transferring Plaintiff's life savings.

## XII.
## COUNT EIGHT
## JURY DEMAND

42. Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(A) Awarding compensatory and/or consequential damages and, as permitted by law, exemplary damages in favor of Plaintiff for all damages suffered as a result of Defendant's wrongdoing in specific amounts of compensatory, exemplary, and punitive damages to be determined at trial, including interest and any enhanced damages thereon.

(B) An accounting of Plaintiff's funds from Defendant.

(C) Establishing a constructive trust over the proceeds of the unjust enrichment of the Defendant in favor of the Plaintiff.

(D) Restraining and enjoining Defendant from transferring or dissipating in any manner Plaintiff's funds.

(E) Awarding Plaintiff reasonable attorneys fees and costs.

(F)  Awarding Plaintiff such other relief as this Court deems equitable and just.


Dated:  Feb. 10, 2015          **ORTIZ & ORTIZ, LLP**
                               Attorneys for Plaintiff, Hector Cardona



                               *s/Norma E. Ortiz*
                               Norma E. Ortiz, Esquire (NEO-4748)
                               Ortiz & Ortiz, L.L.P.
                               32-72 Steinway Street, Suite 402
                               Astoria, NY 11103
                               Phone (718) 522-1117
                               Fax (718) 596-1302
                               email@ortizandortiz.com